**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**(PITTSBURGH)**

STEWART ABRAMSON, individually and
on behalf of a class of all persons and entities
similarly situated,

        Plaintiff,                      Case No. 2:26-cv-00535-KT

v.

DRM MARKETING LLC,

        Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

      Defendant DRM Marketing LLC ("DRM"), pursuant to Federal Rule of Civil Procedure 8(b), files its Answer and Affirmative Defenses to Plaintiff Stewart Abramson's ("Plaintiff") Class Action Complaint brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"), and in support thereof, DRM states:

### Background

      1.      DRM admits that Plaintiff brings this action under the TCPA but otherwise denies that Plaintiff can pursue his individual claims or the class action claims and, therefore, denies the allegations in Paragraph 1.

      2.      DRM admits that the quoted text appears in the Supreme Court's decision in *Barr v. Am. Ass'n of Policial Consultants*, 591 U.S. 610, 613 (2020), but otherwise denies the allegations of Paragraph 2.  DRM respectfully refers the Court to the opinion for its full, true, and accurate contents and context.

      3.      DRM admits that Plaintiff brings this purported action under the TCPA but otherwise denies the allegations in Paragraph 3.

4.      DRM admits that Plaintiff brings this purported action on behalf of a purported class, but otherwise denies the allegations in Paragraph 4.

5.      DRM denies the allegations of Paragraph 5.

### Parties

6.      DRM lacks knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 6, including as to Plaintiff's residency and, therefore, denies the allegations in Paragraph 6. DRM states affirmatively that Plaintiff is a prolific filer of TCPA actions, according to PACER, with Plaintiff having filed at least 60 TCPA lawsuits filed in the last 15 years in federal courts throughout the country.

7.      DRM admits the allegations in Paragraph 7 and denies that Plaintiff is entitled to any of the relief he seeks in the Complaint.

### Jurisdiction & Venue

8.      DRM admits that this purported action arises under the TCPA and, therefore, agrees this Court has subject matter jurisdiction over any claims arising under the TCPA but otherwise denies the allegations in Paragraph 8.

9.      DRM denies the allegations of Paragraph 9 and affirmatively states the Court lacks specific personal jurisdiction over DRM, a Florida limited liability company.

10.      DRM denies the allegations of Paragraph 10 and affirmatively states that venue is not proper in this District.

### Factual Allegations

11.      DRM denies the allegations of Paragraph 11.

12.      DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, including whether Plaintiff has two landline telephone numbers,

2

and therefore, denies the allegations in Paragraph 12.

13.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, including whether Plaintiff has two non-commercial telephone numbers that are not associated with any business, and therefore, denies the allegations in Paragraph 13.

14.     DRM denies the allegations in Paragraph 14.

15.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, including whether Plaintiff answered any calls, whether Plaintiff heard a prerecorded voice, and whether Plaintiff interacted with a live person, and therefore, denies the allegations in Paragraph 15.

16.     DRM denies the allegations in Paragraph 16.

17.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, including whether there was a prerecorded voice message and whether any messages were identical, and therefore, denies the allegations in Paragraph 17.

18.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, including whether there was a prerecorded voice message and what the message referenced and prompted, and therefore, denies the allegations in Paragraph 18.

19.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, including whether there was a prerecorded voice message and what the message was "designed" to do, and therefore, denies the allegations in Paragraph 19.

20.     DRM denies the allegations in Paragraph 20.

21.     DRM denies the allegations in Paragraph 21.

22.     DRM lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 22, including whether Plaintiff interacted with an artificial voice, and therefore, denies the allegations in Paragraph 22.

23.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, including whether Plaintiff interacted with a robotic voice and what the voice sounded like, and therefore, denies the allegations in Paragraph 23.

24.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, including whether Plaintiff interacted with an artificial or live voice and what the voice sounded like, and therefore, denies the allegations in Paragraph 24.

25.     DRM denies the allegations in Paragraph 25.

26.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, including whether Plaintiff wanted any calls or Plaintiff's state of mind, and therefore, denies the allegations in Paragraph 26.

27.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore, denies the allegations in Paragraph 27.

28.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, denies the allegations in Paragraph 28.

29.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, including whether Plaintiff "provided his consent or requested the calls," and therefore, denies the allegations in Paragraph 29.

30.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, including whether Plaintiff "and other call recipients were harmed by these calls," and therefore, denies the allegations in Paragraph 30.

31.     DRM lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 31, including whether Plaintiff was injured by any calls, and therefore, denies the allegations in Paragraph 31.

## Class Action Statement

32.     DRM realleges and incorporates the answers in each of the prior Paragraphs as if fully set forth herein.  For the avoidance of doubt, DRM denies any allegation of Paragraph 32 not encompassed by the foregoing incorporation.

33.     DRM admits that Plaintiff brings this purported action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3), but otherwise denies the allegations in Paragraph 33.

34.     DRM admits that Plaintiff proposes a class definition, but otherwise denies the allegations in Paragraph 34, including that any proposed class is certifiable.

35.     DRM denies the allegations in Paragraph 35.

36.     DRM denies the allegations in Paragraph 36, including denying that any proposed class is certifiable.

37.     DRM denies the allegations in Paragraph 37, including denying that any proposed class is certifiable.

38.     DRM admits that Plaintiff seeks injunctive relief and monetary damages, but otherwise denies the allegations in Paragraph 38, including denying that Plaintiff is entitled to any such injunctive relief and monetary damages.

39.     DRM denies the allegations in Paragraph 39, including denying that any proposed class is identifiable and certifiable.

40.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, including whether Plaintiff knowledge of the exact number of purported class members, and therefore, denies the allegations in Paragraph 40.

41.     DRM denies the allegations in Paragraph 41.

42.     DRM denies the allegations in Paragraph 42.

43.     DRM denies the allegations in Paragraph 43.

44.     DRM denies the allegations in Paragraph 44 and its subsections.

45.     DRM denies the allegations in Paragraph 45 and its subsections. DRM states affirmatively that Plaintiff is a prolific filer of TCPA actions, according to PACER, with Plaintiff having filed at least 60 TCPA lawsuits filed in the last 15 years in federal courts throughout the country. DRM therefore affirmatively denies that Plaintiff has "no interests which are antagonistic to any member" of the purported class. Compl. ¶ 45.

46.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, including whether Plaintiff's counsel has "substantial experience" and is "committed to vigorously prosecuting this action," and therefore, denies the allegations in Paragraph 46.

47.     DRM denies the allegations in Paragraph 47.

48.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, including the likelihood of purported class members to prosecute separate actions, and therefore, denies the allegations in Paragraph 48.

49.     DRM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, including Plaintiff's awareness of litigation concerning this controversy already having been commenced, and therefore, denies the allegations in Paragraph 49.

**CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

50.     DRM realleges and incorporates the answers in each of the prior Paragraphs as if fully set forth herein.  For the avoidance of doubt, DRM denies any allegation of Paragraph 50 not encompassed by the foregoing incorporation.

51.     DRM denies the allegations in Paragraph 51.

52.     DRM denies the allegations in Paragraph 52.

53.     DRM denies the allegations in Paragraph 53.

54.     DRM denies the allegations in Paragraph 54.

**PRAYER FOR RELIEF**

Answering the PRAYER FOR RELIEF following Paragraph 54 of the Complaint, DRM denies Plaintiff is entitled to any relief demanded in the Complaint and the WHEREFORE CLAUSE, and each subpart A through D.

**JURY DEMAND**

Answering the unnumbered allegation following the Prayer for Relief, DRM admits Plaintiff requests a jury trial on issues so triable but denies that all issues raised in the Complaint are triable before a jury.

**GENERAL DENIAL**

For the avoidance of doubt and to the extent that any allegation in the foregoing Answer has not been admitted and remains unaddressed, DRM denies each and every such allegation.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) and 12(b) of the Federal Rules of Civil Procedure, DRM asserts the following Affirmative Defenses:

7

## FIRST AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction and Improper Venue

55.     Plaintiff's Complaint fails to establish the Court's exercise of personal jurisdiction over DRM.

56.     DRM Marketing LLC is a Florida limited liability company with its principal place of business located in Boca Raton, Florida.

57.     Plaintiff claims that this Court has "specific personal jurisdiction over Defendant because it sent calls into this District." Compl. ¶ 9.

58.     Plaintiff fails to allege the specific section or subsection of the long-arm statute he is relying on to bring DRM into the jurisdiction of this Court.

59.     Plaintiff also fails to establish how the alleged initiation of calls is enough for the Court to exercise personal jurisdiction over DRM. DRM denies that it initiated any such calls.

60.     Further, the Court's exercise of personal jurisdiction over DRM fails to comport with due process and offends the traditional notions of fair play and substantial justice.

61.     Accordingly, this District is not the proper venue for this lawsuit.

### SECOND AFFIRMATIVE DEFENSE

### Prior Express Consent

62.     There is no liability under the TCPA where there is prior express consent.

63.     Plaintiff is not a consumer as defined under the TCPA. Plaintiff is a prolific plaintiff who is in the business of bringing a multitude of TCPA lawsuits. Plaintiff has filed at least 60 TCPA lawsuits in the last 15 years in federal courts throughout the country, alleging companies have initiated calls to Plaintiff that were in violation of the TCPA.

64.     An otherwise prohibited call does not violate the TCPA if the calling party received prior express consent from the called party for calls that are made for a marketing or sales purpose

8

(47 C.F.R. § 64.1200(a)(2), (a)(9)), or express oral or written consent from the called party for non-telemarketing calls (47 C.F.R. § 64.1200(a)(1), (a)(9)).

65.     Although that DRM denies that it initiated any such calls, Plaintiff's consent to any alleged calls prevents Plaintiff from pursuing his purported TCPA claims.

## THIRD AFFIRMATIVE DEFENSE

### Good Faith Error—Safe Harbor

66.     Even if the consumer's number is on the National Do Not Call Registry or the consumer has directed the company not to call, the TCPA's safe harbor defense is available where the company, such as DRM, may have made the call in error.

67.     Any call was placed in error and the content of the call did not constitute a "telephone solicitation."  Plaintiff's claims therefore are barred, in whole or in part, by the TCPA's "safe harbor provisions."  47 C.F.R. § 64.1200.

## FOURTH AFFIRMATIVE DEFENSE

### Reasonable Practices And Procedures—Safe Harbor

68.     Even if a consumer has directed a company not to call, the TCPA's safe harbor defense is available where a company such as DRM meets specified routine business standards such as having written compliance procedures, training, recordkeeping, and a process to avoid violation calls.

69.     Although that DRM denies that it initiated any such calls, DRM has established and reasonable practices and procedures in place, including e.g., written policies and procedures; employee training in procedures; scrubbing in-house DNC, National Call Lists, and Suppression Lists, to prevent telephone solicitation calls that may constitute violations of the TCPA or TCPA regulations, 47 U.S.C. § 227.

9

## FIFTH AFFIRMATIVE DEFENSE

### No Prerecorded or Artificial Voice

70.    Under the TCPA, liability applies only to calls (without prior express consent of the called party) using any ATDS or "an artificial or prerecorded voice."  47 U.S.C. § 227(b)(1)(A).

71.    Plaintiff's Complaint alleges that he spoke with the "live voices of humans" on every call that he answered in dispute in this litigation. Compl. ¶ 24.

72.    Although that DRM denies that it initiated any such calls, Plaintiff does not establish that DRM used an artificial or prerecorded voice for any calls, and the use of employees or live agents for calls is not a violation of the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

### Established Business Relationship

73.    Plaintiff is not entitled to relief as alleged in the Complaint given an "established business relationship" based on Plaintiff's inquiries.

74.    The TCPA's prohibitions do not apply where there is such a relationship.

## SEVENTH AFFIRMATIVE DEFENSE

### The Constitution Prohibits Excessive Statutory Awards

75.    The TCPA allows a person to recover statutory damages for a violation of the statute ranging from $500.00 to $1,500.00 per violation and actual damages.

76.    The TCPA also provides for a higher damage award only if the violation was willful.

77.    If, and only for the sake of argument here, a TCPA class is certified and the class contains several thousand people, DRM's liability for aggregated damages to the class could potentially be so great as to result in an excessive statutory award.

78.    The due process clause of the Fifth Amendment to the U.S. Constitution prohibits awards that would result in an excessive statutory award, especially where, as here, Plaintiff invited

the conduct (e.g., by consent or other reason) that allegedly violated the TCPA, and no alleged act caused Plaintiff actual injury or damages of any kind.

## EIGHTH AFFIRMATIVE DEFENSE

## Claims Not Properly Certifiable Under Fed. R. Civ. P. 23

79.     Plaintiff's claims are barred, in whole or in part, because Plaintiff (and one or more of the members of the putative class) provided express or implied consent to the conduct as described in the Complaint including, but not limited to, providing a cellular telephone number and agreeing to receive calls.

80.     Plaintiff purports to represent a class of individuals allegedly contacted in violation of the TCPA.

81.     Plaintiff further alleges that there are common questions of law and fact, which predominate over questions affecting any individual member of the class, but such is simply not the case.

82.     Plaintiff's claims, in the absence of an injury in fact, mean Plaintiff cannot properly be certified as a class representative or that Plaintiff's claims are typical of the purported members of the putative class, under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class.

83.     Plaintiff's claim and the claims of putative class members are barred or limited because they cannot satisfy some or all the requirements for certifying and maintaining a class action under Federal Rule of Civil Procedure 23.

84.     Further, Plaintiff's class cannot be certified because the purported classes are fail-safe classes whose membership depends on a determination of the merits of each class member and would only include class members with valid claims.  The purported "Robocall Class" requires

11

a determination, for each purported class member, whether Defendant "placed a call using artificial or pre-record messages [] *that advertised, or were intended to advertise*, Defendant's services. . . ." Compl. ¶ 34.

## NINTH AFFIRMATIVE DEFENSE

### Limitation on Damages

85.     To the extent any statute was violated because of an alleged revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of calls or recordings which took place after Plaintiff revoked consent.

86.     Plaintiff's claims for treble damages are barred because DRM did not engage in knowing or willful misconduct.

87.     Plaintiff's Complaint claims that he answered each alleged call made by DRM, and that Plaintiff provided DRM with his "financial information" and agreed for DRM to "perform[] a soft credit inquiry. . . ." Compl. ¶¶ 15, 20, 25.

88.     Therefore, although that DRM denies that it initiated any such calls, Plaintiff acquiesced to any calls he may have received, and DRM did not engage in any knowing or willful misconduct for any actions that occurred both before and during the calls Plaintiff alleges DRM made to Plaintiff's telephone numbers.

## TENTH AFFIRMATIVE DEFENSE

### Regulatory Compliance

89.     DRM is not liable for a violation of 47 U.S.C. § 227 because any violation is the result of an honest mistake or error, the mistake or error is not part of DRM's routine business practice, and DRM meets the standards for the defense set forth in 47 U.S.C. § 227.

90.     Although that DRM denies that it initiated any such calls, DRM complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims

12

are barred because DRM complied with all applicable state, federal, and local laws and regulations, including the TCPA, 47 U.S.C. § 227(b) and (c).

91.    DRM's regular business practices include comprehensive, compliant procedures, to prevent TCPA violations.

## ELEVENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

92.    Plaintiff and the other class members have failed to mitigate their damages, if any, based in part on their failure to notify the alleged callers that the alleged calls made to their cellular and/or residential telephone should cease.

93.    Plaintiff's Complaint claims that he answered each alleged call made by DRM, and that Plaintiff provided DRM with his "financial information" and agreed for DRM to "perform[] a soft credit inquiry. . . ." Compl. ¶¶ 15, 20, 25.

94.    If Plaintiff did not want to receive any phone calls he alleges he received from DRM, then Plaintiff failed to advise DRM of this.

## TWELFTH AFFIRMATIVE DEFENSE

### *In Pari Delicto*

95.    Plaintiff's claims are barred by the doctrine of *in pari delicto*.

96.    The doctrine of in pari delicto holds that "a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." *In re CITX Corp., Inc.*, No. 03-727, 2005 WL 1388963, at *11 (E.D. Pa. June 7, 2005), *aff'd sub nom. In re CitX Corp., Inc.*, 448 F.3d 672 (3d Cir. 2006) (citation omitted). The doctrine "is grounded on two premises: first, that courts should not lend their good offices to mediating disputes among wrongdoers; and second, that denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality.*" Official Comm. of Unsecured Creditors of Allegheny Health, Educ. & Research Found. v. Pricewaterhouse*

13

*Coopers, LLP*, No. 2:00CV684, 2011 WL 13228198, at \*2 (W.D. Pa. July 19, 2011) (citing

*Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306 (1985) (footnotes omitted).

97.    At all relevant times, Plaintiff (and other purported class members) consented and/or ratified the telephone calls of which Plaintiff complains in the Complaint, whether the calls were to cellular, landline, or residential telephone numbers. Although that DRM denies that it initiated any such calls, Plaintiff's allegations evidence that he consented to receive any calls Plaintiff alleges were made by DRM.

98.    Further, Plaintiff is a prolific plaintiff who is in the business of bringing a multitude of TCPA lawsuits. Plaintiff has filed at least 60 TCPA lawsuits in the last 15 years in federal courts throughout the country, alleging companies have initiated calls to Plaintiff that were in violation of the TCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Statute of Limitations as Applicable to Purported Putative Class Members

99.    The potential claims of the putative class are barred, in whole or in part, by the applicable statute of limitations.

100.    The purported "Robocall Class" seeks "persons within the United States" who received "a call using artificial or pre-recorded messages" "that advertised, or were intended to advertise, Defendant's services" "within the four years prior to the filing of the Complaint." Compl. ¶ 34.

101.    Any potential member of the putative class failed to file this action within the time prescribed by law, and therefore the claims are untimely and must be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Estoppel

102.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel. Although that DRM denies that it initiated any such calls, by Plaintiff's own acts, conduct, or omissions—including expressly or impliedly welcoming, consenting to, or encouraging the alleged texts or other communications either directly or indirectly and/or through an intermediary, and providing his financial information—Plaintiff reasonably induced DRM to believe any alleged communications were desired or permitted.

103.    Plaintiff is estopped therefore from asserting claims based on those texts, calls, or communications.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

### Protected Commercial Speech

104.    Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because the subject telephone calls constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such violates the First Amendment rights of the sender.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Unclean Hands

105.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

106.    DRM relied on Plaintiff's own acts, conduct, or omissions, including Plaintiff expressly or impliedly welcoming, consenting to, or encouraging the alleged calls made by DRM either directly or indirectly and/or through an intermediary, and providing his financial information, and DRM suffered damages as a result, requiring DRM to defend itself against Plaintiff's claims.

107.    Further, Plaintiff is a prolific plaintiff who is in the business of bringing a multitude of TCPA lawsuits. Plaintiff has filed at least 60 TCPA lawsuits in the last 15 years in federal courts throughout the country, alleging companies have initiated calls to Plaintiff that were in violation of the TCPA.

## RESERVATION OF RIGHTS

DRM reserves the right to amend its Answer and Affirmative Defenses, and to raise and assert any further claims and defenses as may become available in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant DRM Marketing LLC respectfully prays for judgment in favor of DRM Marketing LLC and against Plaintiff as follows:

A.  That Plaintiff takes nothing by virtue of this Complaint and that this Action be dismissed in its entirety and with prejudice;

B.  That Plaintiff is liable for Defendant's costs, expenses, and reasonable attorneys' fees permitted by statute or applicable law; and

C.  For such other relief as the Court may deem appropriate.

Dated: June 26, 2026                Respectfully submitted,

By:*/s/ Edward J. McKee*
**Edward J. McKee**
Pennsylvania Bar No. 316721
**GREENSPOON MARDER LLP**
1690 Sumneytown Pike Suite 250
Lansdale, PA 19446
754-200-7081
Email: edward.mckee@gmlaw.com

**Jeffrey Gilbert**
**(Pro Hac Vice to be Filed)**
Florida Bar No. 375411
**GREENSPOON MARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL 33131

16

Direct Phone Number: 305-789-2761
Email 1: jeffrey.gilbert@gmlaw.com
Email 2: melissa.fernandez@gmlaw.com

*Attorneys for Defendant DRM Marketing LLC*

## CERTIFICATE OF SERVICE

WE HEREBY CERITFY that on June 26, 2026, a copy of the foregoing document was emailed to counsel of record. This motion will later be filed with the Clerk of the Court using CM/ECF. I also certified that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By:*/s/ Edward J. McKee*
**Edward J. McKee**
Pennsylvania Bar No. 316721