**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

STEWART ABRAMSON, individually and on
behalf of a class of all persons and entities
similarly situated,

        Plaintiff

vs.

DRM MARKETING LLC

        Defendant.

Case No. 2:26-cv-00535

**FED. R. CIV. P. 26(f) REPORT OF THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following report:

1. **Identification of counsel and unrepresented parties.**

| **Plaintiff** | **Defendant** |
|---|---|
| Anthony I. Paronich, *Pro Hac Vice* | Jeffrey Gilbert, *Pro Hac Vice* |
| Paronich Law, P.C. | Greenspoon Marder LLP |
| 350 Lincoln Street, Suite 2400 | 600 Brickell Avenue, 36th Floor |
| Hingham, MA 02043 | Miami, FL 33131 |
| (508) 221-1510 | Direct Phone Number: 305-789-2761 |
| anthony@paronichlaw.com | jeffrey.gilbert@gmlaw.com |
| | melissa.fernandez@gmlaw.com |
| Jeremy C. Jackson (PA Bar No. 321557) | |
| BOWER LAW ASSOCIATES, PLLC | Edward Joseph Mckee (PA Bar No. 316721) |
| 403 S. Allen St., Suite 210 | Greenspoon Marder LLP |
| State College, PA 16801 | 1690 Sumneytown Pike, Suite 250 |
| Tel.: 814-234-2626 | Lansdale, PA 19446 |
| jjackson@bower-law.com | 754-200-7081 |
| | edward.mckee@gmlaw.com |

2.    **Set forth the general nature of the case.**

This is a putative nationwide class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arising from Defendant's alleged use of artificial and/or prerecorded voice telemarketing calls to residential telephone numbers without prior express consent. Defendant denies Plaintiff's allegations in its Answer and Affirmative Defenses and denies that it placed any calls to Plaintiff's telephone numbers. Defendant's position is that Plaintiff is not an adequate class representative and will not be able to certify a class in this matter.

3.    **Date Rule 26(f) Conference was held and the identification of those participating therein:**

The 26(f) conference was held on June 16, 2026 with Jeffrey Gilbert on behalf of Defendant DRM Marketing LLC and Anthony Paronich on behalf of Plaintiff Stewart Abramson.

4.    **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

August 3, 2026.[1]

5.    **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

There are no Rule 12 motions filed.

6.    **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties may engage in private mediation at the conclusion of discovery.

7.    **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

---

[1] The parties, simultaneous with this report, are filing a joint motion to continue the initial case management conference or, in the alternative, to permit remote appearance.

No changes are presently proposed to the timing, form, or requirements of Rule 26(a) disclosures.

8.   **<u>Subjects of Discovery:</u>**

<u>Plaintiff's Position</u>: Fact discovery will include Defendant's telemarketing practices and policies, including its use of artificial or prerecorded voice technology, the dialing systems, vendors, and equipment used to place calls, and whether consent was obtained from Plaintiff and putative class members. Discovery will include call logs, recordings, scripts, caller identification information, lead source information, customer relationship management data, contracts with third-party marketing vendors, and information sufficient to identify persons or entities involved in placing the calls at issue. Discovery will also address class certification issues, damages, and the scope of any class-wide impact arising from the alleged TCPA violations.

Plaintiff opposes Defendant's request to bifurcate discovery. Defendant's proposal rests on the premise that discovery concerning Plaintiff's individual claims can be cleanly separated from class discovery. It cannot. The purported threshold issues identified by Defendant—including whether Defendant or a third party acting on its behalf placed the calls, whether an artificial or prerecorded voice was used, whether Plaintiff consented to the calls, and whether Defendant maintained reasonable TCPA compliance procedures—require discovery into the same call records, recordings, dialing systems, lead sources, customer relationship management data, vendor relationships, contracts, policies, and business practices that will bear directly on class certification.

Defendant's own Answer demonstrates this substantial overlap. Although Defendant denies initiating the calls, it alternatively asserts prior express consent, an established business relationship, good-faith and reasonable-procedures safe harbors, regulatory compliance, and the absence of an artificial or prerecorded voice. Defendant cannot establish or test those defenses

solely through discovery directed to Plaintiff. They necessarily require discovery into Defendant's records, its relationships with lead generators and telemarketing vendors, the manner in which Plaintiff's information entered Defendant's systems, the communications and transfers connecting the calls to Defendant, and Defendant's policies and practices concerning consent, prerecorded calls, suppression lists, and TCPA compliance. Those same documents and witnesses will show whether Defendant engaged in standardized conduct affecting the proposed class.

The Supreme Court has recognized that class-certification issues frequently overlap with the merits of the underlying claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013). Consistent with those decisions, the Advisory Committee Notes caution against creating "an artificial and ultimately wasteful distinction between 'certification discovery' and 'merits discovery.'" Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. Courts have therefore rejected bifurcation where, as here, the same evidence bears upon both individual liability and Rule 23. See *Nock v. PalmCo Administration, LLC*, No. 24-cv-662, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025) (denying bifurcation because overlapping individual and class discovery would create line-drawing disputes and impose greater demands on the Court); *Bond v. Folsom Insurance Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2–3 (N.D. Tex. Mar. 19, 2025) (finding considerable overlap between discovery concerning the plaintiff's individual claims and class certification); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) (denying bifurcation in a TCPA action because it would have the opposite effect of promoting efficiency).

Bifurcation would therefore postpone, rather than eliminate, necessary discovery and would likely generate repeated disputes over whether particular requests are "individual" or

"class" discovery. It would also risk duplicative document productions, depositions, and motion practice. See *Hartley-Culp v. Credit Management Co.*, No. 3:14-CV-282, 2014 WL 4630852, at *4 (M.D. Pa. Sept. 15, 2014) (recognizing that bifurcation may increase litigation costs through duplicated discovery and depositions); *In re Plastics Additives Antitrust Litigation*, No. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004) (recognizing that bifurcation may require courts to resolve unnecessary disputes regarding the boundary between merits and class discovery). Because the relevant discovery is substantially intermingled, unified discovery is the more efficient and orderly course.

Defendant's Position: Defendant believes that the class claim discovery should be bifurcated from individual discovery of Plaintiff, and, therefore, should not commence or proceed until such individual discovery is completed. "The Court has discretion to bifurcate class and merits discovery on a showing that bifurcation would promote interests in expediency and economy." *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*, No. CV 20-4660-KSM, 2022 WL 3042768, at *7 (E.D. Pa. Aug. 2, 2022); *see* Fed. R. Civ. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"), 26(b)(1) (authorizing courts to limit the scope of discovery), and 42(b) (authorizing courts to order a separate trial on one or more issues, "[f]or convenience, to avoid prejudice, or to expedite and economize. . . .").

The "prime considerations in whether bifurcation is efficient and fair include whether merits-based discovery is sufficiently intermingled with class-based discovery and whether the litigation is likely to continue absent class certification." *Halman Aldubi*, 2022 WL 3042768, at *7 (internal citation and quotation omitted); *see Brooks v. PSCU, LLC*, No. 8:24-CV-2983-KKM-AAS, 2025 WL 1654697, at *6 (M.D. Fla. June 11, 2025) ("Because there is a significant

possibility that the exemption bars [plaintiff's] claim, any prejudice to [plaintiff] from a brief delay will be minimal, and bifurcation may promote the expeditious resolution of this action, I conclude that bifurcation is appropriate."); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Civ. No. 11¬00011, 2013 WL 663301, at \*5 (D.N.J. Feb. 21, 2013) (explaining that proceeding with a class action has "potentially enormous costs to [d]efendant[s].").

Plaintiff's Complaint alleges that Defendant "placed at least two prerecorded telemarketing calls to Plaintiff's cellular telephone numbers." D.E. 1, Compl. ¶ 14. In its Answer and Affirmative Defenses, Defendant denies that it made any calls to Plaintiff's phone numbers. D.E. 14. Plaintiff's Complaint lacks the detail necessary to determine who the caller identified themselves as on those alleged calls and whether Defendant's services were offered and accepted. Therefore, Defendant will seek individual discovery of the Plaintiff, including but not limited to Plaintiff's call history, voicemails, recordings, notes of calls, internet history, TCPA litigation history, and any information Plaintiff has identifying who were the persons or entities involved in placing the alleged calls to Plaintiff's phone numbers. Defendant believes that Plaintiff's claims lack merit and will have the opportunity after individual discovery to move for summary judgment in its favor on Plaintiff's individual claims. *See Wooden v. Board of Regents of the University System of Georgia,* 247 F.3d 1262, 1289 (11th Cir. 2001) ("If the district court were to resolve a summary judgment motion in Defendants' favor and in doing so dismiss [plaintiffs'] individual claim before ruling on class certification, then [plaintiffs] would not be [] appropriate class representative[s].")

Furthermore, for Plaintiff's purported "Robocall Class," the Court will have to determine, for each purported class member, whether Defendant "placed a call using artificial or pre-record messages [] *that advertised, or were intended to advertise*, Defendant's services. . . ." Compl. ¶ 34 (emphasis added). Plaintiff's class is a fail-safe class whose membership depends on a

determination of the merits of each class member and would only include class members with valid claims. Because Defendant's position is that it did not place any calls to Plaintiff, it would promote the parties and the Court's interests in expediency and economy to determine first whether Defendant is linked to these alleged violative calls and whether Plaintiff has a viable claim against Defendant before moving on to class discovery.

9. **Suggested Dates and Phases of Discovery:**

Plaintiff's Position:

Initial Disclosures: July 30, 2026

Joinder/Amendment of Pleadings: October 26, 2026

Close of Fact Discovery: March 18, 2027

Opening (Proponent) Expert Reports: March 18, 2027

Rebuttal Expert Reports: May 3, 2027

Close of Expert Discovery: June 1, 2027

Class Certification Motion Deadline: July 1, 2027

Dispositive Motions Deadline: July 1, 2027

Defendant's Position: Defendant believes that the class claim discovery should be bifurcated from individual discovery of Plaintiff, and, therefore, should not commence or proceed until such individual discovery is completed. Defendant incorporates its position in Section 8 above. Therefore, Defendant proposes the following deadlines:

Initial Disclosures: July 30, 2026

Joinder/Amendment of Pleadings: October 26, 2026

Close of Individual Fact Discovery: December 27, 2026

Close of Class Fact Discovery: Bifurcated – to be determined.

Plaintiff's Expert Reports: April 1, 2027

Defendant's Expert Reports: May 14, 2027

Rebuttal Expert Reports: June 15, 2027

Close of Expert Discovery: August 16, 2027

Plaintiff's Class Certification Motion: Bifurcated – to be determined.

Defendant's Memorandum in Opposition to Class Certification: Bifurcated – to be determined.

Plaintiff's Reply Memorandum in Support of Class Certification: Bifurcated – to be determined.

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties do not presently propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules. The parties reserve the right to seek appropriate modifications should circumstances warrant.

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

   a. ESI. Yes, there is ESI in this case.

   b. ESI Discovery Plan. The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by conferring on the format for production of correspondence, call detail records, dialer data and other electronically maintained business records.

   c. Preservation. Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI? There are no such issues.

8

    d.   <u>ADR.</u> Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case? The parties do need discovery prior to conducting an ADR conference.

    e.   <u>Clawback Agreement.</u> The parties have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan. The parties request that the Court enter an Order implementing Federal Rule of Evidence 502(d).

    f.   <u>EDSM and E-Mediator.</u> None is necessary.

    g.   <u>Other.</u> None presently known.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery:**

<u>Plaintiff's Position:</u> Plaintiff requests that the Post-Discovery Status Conference be scheduled following the completion of Expert Discovery.

<u>Defendant's Position:</u> Defendant requests that the Post-Discovery Status Conference be scheduled following the completion of Individual Fact Discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The parties anticipate submitting a proposed Protective Order governing confidential and proprietary business information and a proposed Order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d).

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The parties do not presently anticipate the need for appointment of a special master.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

None at this time besides the subjects already mentioned in this Report.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have considered the possibility of settlement and agree that settlement discussions may be productive following the exchange of initial discovery and the production of relevant calling records. The parties remain open to engaging in mediation at an appropriate stage of the litigation.

Dated: July 16, 2026

Plaintiff,
By Counsel,

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*Attorney for Plaintiff and the Proposed Class*

Defendant,
By Counsel,

*/s/ Jeffrey Gilbert*
Jeffrey Gilbert, *Pro Hac Vice*
Greenspoon Marder LLP
600 Brickell Avenue, 36th Floor

Miami, FL 33131
Direct Phone Number: 305-789-2761
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com

Edward Joseph Mckee (PA Bar No. 316721)
Greenspoon Marder LLP
1690 Sumneytown Pike, Suite 250
Lansdale, PA 19446
754-200-7081
edward.mckee@gmlaw.com

*Attorneys for Defendant DRM Marketing LLC*