**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff

vs.

DRM MARKETING LLC

        Defendant.

Case No. 2:26-cv-00535

## FED. R. CIV. P. 26(f) REPORT OF THE PARTIES (CLASS ACTION)

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following report:

1.    **Identification of counsel and unrepresented parties.**

| **Plaintiff** | **Defendant** |
|---|---|
| Anthony I. Paronich, *Pro Hac Vice*<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(508) 221-1510<br>anthony@paronichlaw.com | Jeffrey Gilbert, *Pro Hac Vice*<br>Greenspoon Marder LLP<br>600 Brickell Avenue, 36th Floor<br>Miami, FL 33131<br>Direct Phone Number: 305-789-2761<br>jeffrey.gilbert@gmlaw.com<br>melissa.fernandez@gmlaw.com |
| Jeremy C. Jackson (PA Bar No. 321557)<br>BOWER LAW ASSOCIATES, PLLC<br>403 S. Allen St., Suite 210<br>State College, PA 16801<br>Tel.: 814-234-2626<br>jjackson@bower-law.com | Edward Joseph Mckee (PA Bar No. 316721)<br>Greenspoon Marder LLP<br>1690 Sumneytown Pike, Suite 250<br>Lansdale, PA 19446<br>754-200-7081<br>edward.mckee@gmlaw.com |

2. **Set forth the general nature of the case.**

This is a putative nationwide class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arising from Defendant's alleged use of artificial and/or prerecorded voice telemarketing calls to residential telephone numbers without prior express consent. Defendant denies Plaintiff's allegations in its Answer and Affirmative Defenses and denies that it placed any calls to Plaintiff's telephone numbers. This is a putative nationwide class action brought pursuant to Rule 23(b)(2) and/or (b)(3). Defendant's position is that Plaintiff is not an adequate class representative and will not be able to certify a class in this matter.

3. **Date Rule 26(f) Conference was held and the identification of those participating therein:**

The 26(f) conference was held on June 16, 2026 with Jeffrey Gilbert on behalf of Defendant DRM Marketing LLC and Anthony Paronich on behalf of Plaintiff Stewart Abramson. All parties have been served and have appeared.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

August 10, 2026.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

There are no Rule 12 motions filed.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties may engage in private mediation at the conclusion of discovery.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

No changes are presently proposed to the timing, form, or requirements of Rule 26(a) disclosures.

**8.    Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. Rule 23 are satisfied, including a preliminary inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. However, in order to ensure that a class certification decision be issued at an early practicable time, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of a party, enter a second scheduling and discovery order, if necessary.**

Plaintiff's Position: Plaintiff anticipates discovery concerning Defendant's telemarketing practices, the calls placed to Plaintiff and putative class members, call detail records and calling logs, lead source information, and the identity of the persons and entities involved in placing the calls at issue. Plaintiff also anticipates discovery regarding Defendant's contention that it obtained prior express consent, including the manner in which such consent was purportedly obtained, the records maintained to document consent, and any consent records or databases relating to Plaintiff and putative class members. This discovery will assist the Court in evaluating the requirements of Rule 23, including whether Defendant's telemarketing practices and asserted consent defenses present issues capable of class-wide proof.

As reflected in this Court's Rule 26(f) Report, the threshold objective of pre-certification discovery is to permit the Court to determine whether Rule 23's requirements are satisfied. Accordingly, priority should be given to discovery bearing on class certification. Plaintiff therefore proposes an initial phase of discovery directed to Defendant's telemarketing practices, calling records, consent records, lead sources, dialing systems, vendor relationships, and other information necessary for the Court's Rule 23 analysis. This approach is consistent with the Court's stated preference that class-related discovery proceed before any post-certification merits discovery schedule is established.

Defendant instead seeks to postpone that discovery by characterizing it as "merits" discovery and requiring Plaintiff to complete individual discovery first. That proposal is inconsistent with the purpose of pre-certification discovery because the discovery Defendant seeks to delay is the very discovery necessary for the Court to evaluate Rule 23. Defendant's position relies on the portion of the Court's Rule 26(f) procedures permitting a preliminary inquiry into the merits, but overlooks the immediately following directive that "priority shall be given to discovery on class issues." Plaintiff's proposed sequencing gives effect to both provisions by permitting discovery relevant to any preliminary merits inquiry while prioritizing the discovery necessary for the Court's Rule 23 analysis.

Plaintiff proposes that discovery proceed in accordance with the Court's Rule 26(f) framework by prioritizing discovery relevant to class certification. Defendant's request to delay that discovery until completion of Plaintiff's individual discovery should be rejected because the evidence necessary to evaluate Rule 23 substantially overlaps with the evidence relevant to Plaintiff's individual claims. Defendant's proposal rests on the premise that discovery concerning Plaintiff's individual claims can be cleanly separated from class discovery. It cannot. The purported threshold issues identified by Defendant—including whether Defendant or a third party acting on its behalf placed the calls, whether an artificial or prerecorded voice was used, whether Plaintiff consented to the calls, and whether Defendant maintained reasonable TCPA compliance procedures—require discovery into the same call records, recordings, dialing systems, lead sources, customer relationship management data, vendor relationships, contracts, policies, and business practices that will bear directly on class certification.

Defendant's own Answer demonstrates this substantial overlap. Although Defendant denies initiating the calls, it alternatively asserts prior express consent, an established business

4

relationship, good-faith and reasonable-procedures safe harbors, regulatory compliance, and the absence of an artificial or prerecorded voice. Defendant cannot establish or test those defenses solely through discovery directed to Plaintiff. They necessarily require discovery into Defendant's records, its relationships with lead generators and telemarketing vendors, the manner in which Plaintiff's information entered Defendant's systems, the communications and transfers connecting the calls to Defendant, and Defendant's policies and practices concerning consent, prerecorded calls, suppression lists, and TCPA compliance. Those same documents and witnesses will show whether Defendant engaged in standardized conduct affecting the proposed class.

The Supreme Court has recognized that class-certification issues frequently overlap with the merits of the underlying claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013). Consistent with those decisions, the Advisory Committee Notes caution against creating "an artificial and ultimately wasteful distinction between 'certification discovery' and 'merits discovery.'" Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. Courts have therefore rejected bifurcation where, as here, the same evidence bears upon both individual liability and Rule 23. See *Nock v. PalmCo Administration, LLC*, No. 24-cv-662, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025) (denying bifurcation because overlapping individual and class discovery would create line-drawing disputes and impose greater demands on the Court); *Bond v. Folsom Insurance Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2–3 (N.D. Tex. Mar. 19, 2025) (finding considerable overlap between discovery concerning the plaintiff's individual claims and class certification); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) (denying bifurcation in a TCPA action because it would have the opposite effect of promoting efficiency).

The authorities cited by Defendant do not establish a categorical rule that discovery should be bifurcated in TCPA actions. Those decisions turn on the circumstances of the particular case, including whether limited individual discovery could resolve a discrete threshold issue without requiring the same evidence relevant to class certification. Here, by contrast, the identity and responsibility of the caller, the use of prerecorded technology, consent, and Defendant's asserted compliance procedures all require discovery into Defendant's broader records and practices. The substantial overlap present here weighs against bifurcation.

Defendant's characterization of this case as involving only two calls to Plaintiff does not justify delaying class discovery. The number of calls received by the named Plaintiff does not determine the scope of the challenged conduct or whether Defendant employed standardized telemarketing, consent, and vendor practices affecting the proposed class.

Defendant's proposed sequencing would also undermine the purpose of pre-certification discovery contemplated by this Court's Rule 26(f) procedures, which expressly provide that priority should be given to discovery necessary to determine whether Rule 23's requirements are satisfied. The discovery Defendant seeks to postpone—including call records, consent records, dialing systems, lead source information, vendor relationships, and Defendant's telemarketing policies and practices—is precisely the discovery needed for the Court's class-certification analysis. Delaying that discovery until after completion of Plaintiff's individual discovery would unnecessarily defer the Rule 23 determination while creating artificial disputes over whether particular requests are "individual" or "class" discovery. Because the evidence relevant to class certification and Plaintiff's individual claims substantially overlaps, discovery should proceed in a single, unified phase that permits the Court to resolve class certification at the earliest practicable time.

Accordingly, Plaintiff's proposed discovery schedule is fully consistent with the Court's Rule 26(f) procedures because it prioritizes the discovery necessary for Rule 23 while simultaneously permitting discovery relevant to Defendant's liability defenses. Defendant's proposed sequencing would do the opposite by delaying the very discovery the Court contemplates should occur first.

Defendant's Position: Under the Court's Rule 26(f) Procedures, discovery "prior to Class certification must be sufficient to permit the Court to determine" whether Plaintiff can certify a class, which includes a "preliminary inquiry into the merits of the case to ensure appropriate management of the case as a Class Action." Although the Procedures state that "priority shall be given to discovery on class issues," Defendant's position is that the class claim discovery should be bifurcated from individual discovery of Plaintiff, and, therefore, should not commence or proceed until such individual discovery is completed. This is not a typical class action. This is a statutory TCPA action in which the Plaintiff is seeking recovery for two alleged phone calls he received on his cell phone. D.E. 1, Compl. ¶ 14. Courts throughout the country routinely stay and bifurcate discovery in TCPA actions to determine whether Plaintiff even has an individual claim. *See Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, at *2 (S.D. Fla. Nov. 27, 2012) (granting defendant's motion to bifurcate discovery, which allowed for discovery of the named plaintiff's individual claims); *Cameron v. CHW Group, Inc.*, No. 2:23-CV-00320-HCN-DBP, 2025 WL 2336513, at *2 (D. Utah Aug. 13, 2025) (same); *Sapan v. Fin. of Am. Reverse LLC*, No. 8:24-CV-01213-FWS-KES, 2025 WL 1932935, at *3 (C.D. Cal. July 14, 2025) (same); *Osidi v. Assurance IQ, LLC*, No. 21-CV-11320-ADB, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) ("[T]he need for class discovery may be eliminated if Defendant is able

to demonstrate that the Named Plaintiff lacks viable individual claims."); *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (granting bifurcation of discovery when "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive").

"The Court has discretion to bifurcate class and merits discovery on a showing that bifurcation would promote interests in expediency and economy." *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*, No. CV 20-4660-KSM, 2022 WL 3042768, at *7 (E.D. Pa. Aug. 2, 2022); *see* Fed. R. Civ. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"), 26(b)(1) (authorizing courts to limit the scope of discovery), and 42(b) (authorizing courts to order a separate trial on one or more issues, "[f]or convenience, to avoid prejudice, or to expedite and economize. . . .").

The "prime considerations in whether bifurcation is efficient and fair include whether merits-based discovery is sufficiently intermingled with class-based discovery and whether the litigation is likely to continue absent class certification." *Halman Aldubi*, 2022 WL 3042768, at *7 (internal citation and quotation omitted); *see Brooks v. PSCU, LLC*, No. 8:24-CV-2983-KKM-AAS, 2025 WL 1654697, at *6 (M.D. Fla. June 11, 2025) ("Because there is a significant possibility that the exemption bars [plaintiff's] claim, any prejudice to [plaintiff] from a brief delay will be minimal, and bifurcation may promote the expeditious resolution of this action, I conclude that bifurcation is appropriate."); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Civ. No. 11¬00011, 2013 WL 663301, at *5 (D.N.J. Feb. 21, 2013) (explaining that proceeding with a class action has "potentially enormous costs to [d]efendant[s].").

8

In its Answer and Affirmative Defenses, Defendant denies that it made any calls to Plaintiff's phone numbers. D.E. 14. Plaintiff's Complaint lacks the detail necessary to determine who the caller identified themselves as on those alleged calls and whether Defendant's services were offered and accepted. Therefore, Defendant will seek individual discovery of the Plaintiff, including but not limited to Plaintiff's call history, voicemails, recordings, notes of calls, internet history, TCPA litigation history, and any information Plaintiff has identifying who were the persons or entities involved in placing the alleged calls to Plaintiff's phone numbers. Defendant believes that Plaintiff's claims lack merit and will have the opportunity after individual discovery to move for summary judgment in its favor on Plaintiff's individual claims. *See Wooden v. Board of Regents of the University System of Georgia,* 247 F.3d 1262, 1289 (11th Cir. 2001) ("If the district court were to resolve a summary judgment motion in Defendants' favor and in doing so dismiss [plaintiffs'] individual claim before ruling on class certification, then [plaintiffs] would not be [] appropriate class representative[s].")

Furthermore, for Plaintiff's purported "Robocall Class," the Court will have to determine, for each purported class member, whether Defendant "placed a call using artificial or pre-record messages [] *that advertised, or were intended to advertise*, Defendant's services. . . ."  Compl. ¶ 34 (emphasis added). Plaintiff's class is a fail-safe class whose membership depends on a determination of the merits of each class member and would only include class members with valid claims. Because Defendant's position is that it did not place any calls to Plaintiff, it would promote the parties and the Court's interests in expediency and economy to determine first whether Defendant is linked to these alleged violative calls and whether Plaintiff has a viable claim against Defendant before moving on to class discovery.

9. **Subjects on which class certification discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery**

9

**on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

Plaintiff's Position: Plaintiff anticipates that class certification discovery will include call detail records, and other records sufficient to identify calls placed to putative class members; the platforms and technology used to place the calls as well as Defendant's telemarketing policies, contracts and communications with lead generators and other third parties involved in the calling campaigns as well as documents relating to Defendant's acquisition, maintenance, of any claimed prior express consent and other information bearing on the size, ascertainability, commonality, typicality, adequacy, predominance, and superiority of the proposed class.

Defendant's Position: Defendant believes that Plaintiff will not be able to move past the individual discovery phase. However, if class certification discovery occurs, then Defendant will seek discovery of the purported class members, including but not limited to their call histories, voicemails, recordings, notes of calls, internet history, TCPA litigation histories, and any information the purported class members have identifying who were the persons or entities involved in placing the alleged calls to their phone numbers.

10. **Suggested Dates:**

Plaintiff's Position:

Initial Disclosures: August 24, 2026

Joinder/Amendment of Pleadings: October 26, 2026

Date by which class certification discovery shall be completed: February 10, 2027

Date by which Plaintiffs' expert reports as to class certification shall be filed: March 12, 2027

Date by which Defendants' expert reports as to class certification shall be filed: April 12, 2027

Date by which depositions of class certification experts must be completed: May 12, 2027

Plaintiffs' Motion for Class Certification, Memorandum in Support, and all supporting evidence shall be filed by: June 11, 2027

Defendants' Memorandum in Opposition to Class Certification and all supporting evidence shall be filed by: July 12, 2027

Plaintiffs' Reply Memorandum in Support of Class Certification, if any, shall be filed by: July 26, 2027

Defendant's Position: Defendant believes that the class claim discovery should be bifurcated from individual discovery of Plaintiff, and, therefore, should not commence or proceed until such individual discovery is completed. Defendant incorporates its position in Section 8 above. Therefore, Defendant proposes the following deadlines:

Initial Disclosures: August 24, 2026

Joinder/Amendment of Pleadings: October 26, 2026

Close of Individual Fact Discovery: December 27, 2026

Close of Class Fact Discovery: Bifurcated – to be determined.

Plaintiff's Expert Reports: April 1, 2027

Defendant's Expert Reports: May 14, 2027

Rebuttal Expert Reports: June 15, 2027

Close of Expert Discovery: August 16, 2027

Plaintiff's Class Certification Motion: Bifurcated – to be determined.

Defendant's Memorandum in Opposition to Class Certification: Bifurcated – to be determined.

Plaintiff's Reply Memorandum in Support of Class Certification: Bifurcated – to be determined.

11. **After the resolution of the motion for class certification, the Court shall hold a Post-Certification Determination Conference to discuss how the case shall proceed in light of the disposition of the Class motion. If the parties wish to establish a schedule for**

11

**post-Class Certification pretrial matters at this time, set forth suggested dates for the following:**

The parties respectfully request that the Court defer establishing post-class certification deadlines until the Post-Certification Determination Conference. Because the timing of the Court's ruling on class certification cannot be predicted, the parties believe that establishing deadlines for post-certification fact discovery, expert discovery, and other pretrial proceedings at this time would be speculative. The parties therefore request that those deadlines be discussed and established at the Rule 16 conference following the Court's resolution of any class certification motion.

12. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties do not presently propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules. The parties reserve the right to seek appropriate modifications should circumstances warrant.

13. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

   a. ESI. Yes, there is ESI in this case.

   b. ESI Discovery Plan. The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by conferring on the format for production of correspondence, call detail records, dialer data and other electronically maintained business records.

12

c.  <u>Preservation.</u> Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI? There are no such issues.

d.  <u>ADR.</u> Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case? The parties do need discovery prior to conducting an ADR conference.

e.  <u>Clawback Agreement.</u> The parties have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan. The parties request that the Court enter an Order implementing Federal Rule of Evidence 502(d).

f.  <u>EDSM and E-Mediator.</u> None is necessary.

g.  <u>Other.</u> None presently known.

14.  **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery:**

<u>Plaintiff's Position:</u> Plaintiff requests that the Post-Discovery Status Conference be scheduled following the ruling on the Plaintiff's motion for class certification.

<u>Defendant's Position:</u> Defendant requests that the Post-Discovery Status Conference be scheduled following the completion of Individual Fact Discovery.

15.  **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The parties anticipate submitting a proposed Protective Order governing confidential and proprietary business information and a proposed Order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d).

16.  **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

13

The parties do not presently anticipate the need for appointment of a special master.

17. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

None at this time besides the subjects already mentioned in this Report.

18. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have considered the possibility of settlement and agree that settlement discussions may be productive following the exchange of initial discovery and the production of relevant calling records. The parties remain open to engaging in mediation at an appropriate stage of the litigation.

Dated: August 3, 2026

Plaintiff,
By Counsel,

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*Attorney for Plaintiff and the Proposed Class*

Defendant,
By Counsel,

*/s/ Jeffrey Gilbert*
Jeffrey Gilbert, *Pro Hac Vice*

14

Greenspoon Marder LLP
600 Brickell Avenue, 36th Floor
Miami, FL 33131
Direct Phone Number: 305-789-2761
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com

Edward Joseph Mckee (PA Bar No. 316721)
Greenspoon Marder LLP
1690 Sumneytown Pike, Suite 250
Lansdale, PA 19446
754-200-7081
edward.mckee@gmlaw.com

*Attorneys for Defendant DRM Marketing LLC*

15