**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, *individually and on behalf of a class of all persons and entities similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>DRM MARKETING, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00535-KT<br><br>Magistrate Judge Kezia O. L. Taylor |

# ORDER

This action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Given the nature of the claims and the Court's Alternative Dispute Resolution ("ADR") program, the Court finds that early participation in ADR may facilitate the prompt and efficient resolution of this matter. Accordingly, the Court **ORDERS** as follows:

**1. Discovery and Response to Complaint.** All discovery is **STAYED** pending completion of ADR. During this period, the parties are excused from their obligations to submit initial disclosures, engage in formal discovery, and confer and submit a Rule 26(f) discovery report and proposed discovery schedule.

**2. Alternative Dispute Resolution.** The parties shall confer and select either mediation or arbitration as their ADR process, consistent with Local Civil Rule 16.2 and the Court's ADR Policies and Procedures. The parties shall file an amended stipulation selecting their

ADR process within fourteen (14) days of entry of this Order. The parties shall schedule and complete the selected ADR process within ninety (90) days of entry of this Order.

The parties shall select a neutral who is available to conduct the ADR session within the prescribed period. Counsel and party representatives may participate remotely, including by videoconference, without seeking further leave of Court. **The parties are encouraged to exchange voluntarily any information reasonably necessary to facilitate a productive ADR session.**

**3. Status Report and Further Scheduling.** Within seven (7) days after completion of the ADR session, the parties shall file a joint status report advising the Court whether the matter has resolved. If the case has not resolved, the Court will issue a further Order scheduling an initial case management conference and establishing appropriate deadlines for responsive pleadings, discovery, and other pretrial proceedings.

The Court is aware of the parties' disagreement concerning the appropriate scope and sequencing of discovery, including whether discovery relating to Plaintiff's individual claims should precede discovery concerning class certification. The Court recognizes the parties' respective positions but finds that it would be premature to resolve this dispute before the parties have participated in ADR. Accordingly, the Court will defer consideration of the appropriate scope and sequencing of discovery until after completion of ADR, if necessary. Should the matter remain unresolved, the Court will permit the parties to submit briefs setting forth their respective positions concerning the appropriate scope and sequencing of discovery. The parties shall file their briefs **no later than seven (7) days before the initial case management conference**. The Court will address the parties' competing proposals at that conference and establish an appropriate

discovery schedule thereafter. Nothing in this Order should be construed as adopting either party's proposed approach to discovery.

**4. Modification of Order.** Any request to modify the deadlines or requirements of this Order must be made by motion demonstrating good cause. The parties may not extend the ADR deadline by agreement without leave of Court.

November 17, 2026
Date

s/Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge